# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LESCINSKY,<br>  Plaintiff(s),<br>v.<br>CLARK COUNTY SCHOOL DISTRICT,<br>  Defendant(s). | Case No.: 2:20-cv-00290-RFB-NJK<br><br>**ORDER**<br>[Docket Nos. 16-17] |

  Pending before the Court are Plaintiff's motions for conditional certification and for miscellaneous relief. Docket Nos. 16-17. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 18, 21. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, both motions are **DENIED** without prejudice.

  Litigants seeking relief from the Court bear a basic burden of presenting meaningful discussion, including addressing threshold requirements and acknowledging applicable legal authority. The instant motion practice is deficient in several respects. For example, the motion references a lack of Ninth Circuit authority regarding the "similarly situated" standard and asks for adoption of district court and out-of-circuit caselaw as to the two-step process, *see* Mot. at 4, when there is existing Ninth Circuit authority that bears on those issues, *see Campbell v. City of Los Angeles*, 903 F.3d 1090, 1108-17 (9th Cir. 2018) (addressing the two-step process and the "similarly situated" standard). As another example, Plaintiff asserts in reply that this case was filed in a dual capacity, *see* Reply at 2, but this representation is premised solely on a vague reference to the complaint rather than any discussion of the actual contents of the complaint, *but see Gessele v. Jack In The Box, Inc.,* 6 F. Supp. 3d 1141, 1158-60 (D. Or. 2014) (collecting cases and analyzing the particular language in the complaint in finding the plaintiffs had not established

that they brought the case in a dual capacity). As another example, the response attempts to avoid disclosure of contact information based on a state law provision, Resp. at 9 (providing one paragraph of discussion), but neither party addresses the threshold choice-of-law analysis of whether or how that state law provision applies in this federal-question case, *cf. Walker v. N. Las Vegas Police Dep't*, 2015 WL 8328263, at *5 (D. Nev. Dec. 8, 2015) (discussing N.R.S. 289.025 in the context of a federal-question case).[1]

In light of the above, the motions for conditional certification and miscellaneous relief are **DENIED** without prejudice.[2] Any renewed motions must be filed by December 30, 2020. Such motion practice must include meaningful discussion supported by citation to appropriate legal authority, including with respect to implicated threshold issues.[3]

IT IS SO ORDERED.

Dated: December 17, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff argues in reply that application of state law would run afoul of the Supremacy Clause by interfering with enforcement of federal policy, relying on a case addressing a land dispute involving the United States. Reply at 11-12 (quoting *Rust v. Johnson*, 597 F.2d 174 (9th Cir. 1979)). It is unclear whether such a proposition is implicated in the event state law does not apply as a threshold choice-of-law matter.

[2] To be clear, the Court is not rendering any opinion herein on the merits, but is instead identifying issues that must be better developed by the parties.

[3] The Court has not catalogued herein all of the ill-developed arguments. Counsel are cautioned that any renewed motion practice must provide fulsome discussion as to all arguments even if not addressed explicitly herein.