UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LESCINSKY,<br><br>    Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>    Defendant(s). | Case No.: 2:20-cv-00290-RFB-NJK<br><br>**ORDER**<br><br>[Docket Nos. 24-26] |

Pending before the Court is Plaintiff's renewed motion for conditional certification. Docket No. 24. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 29, 32. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED** without prejudice.

Defendant argues that conditional certification is premature because Plaintiff has not filed a written consent. Docket No. 29 at 4-5. Plaintiff responds that the legal authority does not "require" such an outcome. Docket No. 21 at 6. Plaintiff further argues that a written notice should not be a prerequisite for granting the motion given that its effect is to simply send notice to potential opt-in plaintiffs. *See id.*; *see also* Docket No. 32 at 3.[1] Plaintiff does not provide meaningful explanation as to why he has not filed a written consent, but instead indicates that he is able to do so if necessary. *See* Docket No. 21 at 5.[2] Defendant has the better argument.

---

[1] The reply misstates the issue at hand, asserting that Defendant is arguing that conditional certification must be denied because Plaintiff has not filed written consents for *other* would-be plaintiffs. See, e.g., Docket No. 32 at 2-3. In actuality, Defendant argues that the motion should be denied because Plaintiff himself has not filed a written consent. Docket No. 29 at 5.

[2] As Defendant notes, Plaintiff has had ample notice of this defect. Docket No. 29 at 5; *see also Ortiz v. Amazon.com LLC*, Case No. 17-cv-03820-JSW, 2018 WL 8222344, at *2 n.2 (N.D.

1

"No employee shall be a party plaintiff to [a collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "The statutory language is clear. When plaintiffs have filed a 'collective action,' under § 216(b), all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999); *see also Cancilla v. Ecolab, Inc.*, Case No. C 12-03001 CRB, 2013 WL 1365939, at *2 (N.D. Cal. Apr. 3, 2013) (collecting cases).[3] Consequently, a motion for conditional certification of a collective action is subject to denial when brought by a plaintiff who has not filed a consent. *See Chavez v. Lumber Liquidators, Inc.*, Case No. C-09-04812 SC, 2011 WL 809453, at *3 (N.D. Cal. Mar. 2, 2011); *see also Lemus v. Denny's Inc.*, Case No. 10-cv2061-CAB (WVG), 2014 WL 12772284, at *4 (S.D. Cal. July 14, 2014).

The Court follows the same course in this case. The statutory language is clear that Plaintiff must file a written consent for a collective action claim. 29 U.S.C. § 216(b). Plaintiff's failure to comply with that requirement renders his motion for conditional certification subject to denial. *Chavez*, 2011 WL 809453, at *3. Moreover, the Court declines the invitation to resolve a motion to provide notice of a collective action that is effectively being brought by an attorney without a claim in the case rather than by a party who has filed the necessary paperwork. *Cf. Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2007); *Lemus*, 2014 WL 12772284, at *4.

---

Cal. Jan. 12, 2018) (resolving a motion for conditional certification on its merits because the plaintiff filed consent after the opposition brief raised this defect).

[3] Potential policy arguments as to the wisdom of this requirement do not change the outcome here. "The requirement to file a consent with the court, or sign the complaint, is 'hardly onerous or burdensome.' Regardless, wasteful or not, wise or not, it is not for the courts to rewrite unambiguous statutory language." *Thomas v. Talyst, Inc.*, Case No. C07-202JLR, 2008 WL 570806, at *4 (W.D. Wash. Feb. 28, 2008) (collecting cases); *see also Bonilla*, 61 F. Supp. 2d at 1139 ("It is indeed redundant and unusual to make named plaintiffs file their consents with the Court. Notwithstanding the fact that the statutory requirements are repetitive or wasteful, they are the unambiguous requirements which Congress has duly enacted").

Accordingly, the renewed motion for conditional certification (Docket No. 24) is **DENIED** without prejudice.[4]  Given that resolution, the motions for contact information (Docket No. 25) and to appoint interim collective action counsel (Docket No. 26) are **DENIED** as moot.

IT IS SO ORDERED.

Dated: February 4, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[4] Given the ruling herein, the Court does not opine on the other issues raised in the motion practice.  Any future motion practice regarding conditional certification must be complete in itself and must not incorporate by reference arguments made elsewhere.  Moreover, such motion practice must include meaningful discussion of all pertinent issues.