# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LESCINSKY, | Case No.: 2:20-cv-00290-RFB-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 37-39] |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's second renewed motion for conditional certification, along with motions for contact information and to name his attorneys as interim counsel. Docket Nos. 37-39. Defendant filed a response in opposition. Docket No. 40. Plaintiff filed a reply. Docket No. 43; *see also* Docket No. 44. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion for conditional certification (Docket No. 37) and the motion for contact information (Docket No. 38) are hereby **GRANTED**, but the motion for appointment as interim counsel (Docket No. 39) is **DENIED** without prejudice. Counsel must meet-and-confer regarding the proposed notice in light of the rulings made herein and must jointly file an amended proposed notice by May 27, 2021.

## I. BACKGROUND

Plaintiff is a police officer working for the school district. Docket No. 1 at ¶ 1. He brings suit based on the allegation that his overtime was paid in later pay periods than the period in which the overtime was worked. *Id.* at ¶ 7. Plaintiff alleges that such a practice violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Docket No. 1 at ¶ 9. Plaintiff alleges that there are "scores" of other police officers who similarly were paid for overtime work in an untimely manner. *See id.* The parties are now before the Court on Plaintiff's effort to conditionally certify a collective action and for ancillary relief.

1

## II. MAGISTRATE JUDGE AUTHORITY

Before turning to the substance of the pending motion, the undersigned first evaluates her authority to resolve the matter. The authority of a magistrate judge is derived from 28 U.S.C. § 636, which generally provides a magistrate judge with the authority to "hear and determine" nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). Dispositive matters are also sometimes referred to a magistrate judge, but in those circumstances the magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636 specifically enumerates eight different types of matters to be treated as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A). When a matter falls outside of those expressly enumerated motions, courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). This approach "permits the courts to reach commonsense decisions rather than becoming mired in a game of labels." 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure, § 3068.2, p. 371 (2020 supp.).

There is a split of authority on whether granting a motion for conditional certification of a collective action is a matter within a magistrate judge's authority. Pointing to the statutory inclusion of a motion "to dismiss or to permit maintenance of a class action" as a dispositive matter, some courts have concluded that granting a motion for conditional certification of a collective action should also be considered dispositive in nature. *See Morales v. Allied Building Crafts, Inc.*, No. CV-S-04-1365-LRH-LRL, 2005 WL 8161662, at *1 (D. Nev. June 1, 2005) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also Sheffield v. Orius Corp.*, 211 F.R.D. 411, 412 (D. Or. 2002).[1]

---

[1] Some cases refer to the authority to "decide" or "resolve" a motion for conditional certification. *E.g.*, *Sheffield*, 211 F.R.D. at 412. The precise question before the Court is whether a magistrate judge has the authority to *grant* a motion for conditional certification. *Cf. Bastidas v. Chappell*, 791 F.3d 1155, 1163-64 (9th Cir. 2015) (whether a matter is dispositive may turn on which way the underlying decision goes). The Court also notes that the undersigned previously denied without prejudice Plaintiff's efforts for conditional certification. *See, e.g.*, Docket No. 23. Such orders are nondispositive because they simply tell the movant to "try again." *E.g.*, *Ceja v. Scribner*, No. LA CV 07-00606-VBF-KES, 2016 WL 3996152, at *6 (C.D. Cal. Jan. 19, 2016).

The weight of authority is to the contrary, however, concluding that granting a motion for conditional certification is a nondispositive matter within a magistrate judge's authority to resolve. *See, e.g.*, *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 197 n.1 (D.D.C. 2018) (collecting cases); *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 110 n.1 (S.D.N.Y. 2015); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010) (collecting cases); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 204 n.4 (N.D.N.Y. 2009) (collecting cases); *Poreda v. Boise Cascade, LLC*, 532 F. Supp. 2d 234, 238 (D. Mass. 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. 2006); *see also Geller v. Bowers*, No. CV 11-00874 PSG, 2012 WL 1895961, at *1 n.1 (N.D. Cal. Apr. 13, 2012).[2] These courts have pointed to the fact that deciding a motion for conditional certification is at bottom a determination that notice can be sent to potential opt-in plaintiffs and that the final decision on whether to allow the claims to proceed on a collective basis is determined later in the litigation process. *See, e.g.*, *Summa*, 715 F. Supp. 2d at 384-85.

      The Court agrees with the majority view that granting a motion for conditional certification of a collective action is a nondispositive matter within a magistrate judge's authority. Under the two-step process for certification of a collective action, a motion for conditional certification is made at the early stages of proceedings. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018). As a functional matter, the granting of a motion for conditional certification of a collective action results in notice being sent to potential opt-in plaintiffs to facilitate their decision in whether to join the litigation. *Id.* at 1101. The granting of a motion for conditional certification does not create a class with an independent legal status and is not dispositive of any claim or defense. *See id.* Moreover, such an order is not a final determination that the case will ultimately

---

[2] The prevailing practice in this District has been to proceed on the basis that granting a motion for conditional certification is a nondispositive matter without substantive discussion on the issue. *See, e.g.*, *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-cv-00979-APG-CWH, 2019 WL 3430770 (D. Nev. July 29, 2019) (Hoffman, J.) (magistrate judge resolution of motion for conditional certification through issuance of an order); *Guy v. Casal Inst. of Nev., LLC*, No. 2:13-cv-02263-APG-GWF, 2014 WL 1899006, at *4-5 (D. Nev. May 12, 2014) (Foley, J.) (same); *Silva v. Gordon Gaming Corp.*, No. 2:06-cv-00696-JCM-PAL, 2007 WL 5596625 (D. Nev. Feb. 8, 2007) (Leen, J.) (same). Given the existence of contrary authority, *Morales*, 2005 WL 8161662, at *1, the Court will in this instance provide a more fulsome explanation as to why granting a motion for conditional certification is a matter within a magistrate judge's authority.

proceed as a collective action as that is an issue subject to revisiting at the second step of the certification process. *See id.* at 1109-10. Hence, such an order is a preliminary pretrial matter that is not dispositive in nature and is within a magistrate judge's authority to issue.[3]

The Court will therefore grant the instant motion for conditional certification through issuance of an order, rather than issuing a report and recommendation.[4]

**III.    STANDARDS**

The FLSA is a remedial statute designed to "protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)).

"[W]orkers may join a collective action if they claim a violation of the FLSA, are 'similarly situated' to the original plaintiff, and affirmatively opt in." *Campbell*, 903 F.3d at 1108 (construing 29 U.S.C. § 216(b)). In evaluating the propriety of a section 216(b) collective, the Ninth Circuit has endorsed a two-step "certification" process. *Id.* at 1100. The first step requires the named plaintiff(s) to move for preliminary certification of the collective, which "refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id.* at 1109. Later, after necessary discovery has been completed, the defendant(s) may move for "decertification" of the collective action on the ground that the

---

[3] It appears to be noncontroversial that the resolution of subsidiary issues, such as the contents of the notice sent to prospective opt-in plaintiffs, are also matters within a magistrate judge's authority to resolve. *See Reese v. NPSG Global*, No. 2:19-cv-00209-JCM-NJK, 2020 U.S. Dist. Lexis 201674, at *1 n.1 (D. Nev. Oct. 29, 2020); *see also Green v. Executive Coach & Carriage*, 895 F. Supp. 2d 1026, 1029-30 (D. Nev. 2012) (applying clear error standard).

[4] Of course, to the extent either party disagrees with the conclusion that the matter is within the undersigned's authority, that party is free to argue as much to the assigned district judge. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas*, 791 F.3d at 1162 (encouraging magistrate judges to advise litigants of the ability to object to a determination that a matter is nondispositive).

4

fully developed record did not support a finding that the collective was sufficiently "similarly situated" pursuant to section 216(b). *Id.*

Hence, the linchpin of the collective action mechanism is that workers must be "similarly situated." The FLSA itself does not define the term "similarly situated," but the Ninth Circuit has made clear that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. Workers may be deemed "similarly situated" when they are subject to the same policy or practice that is alleged to violate the FLSA and share a common theory of the defendant's statutory violations. *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3 918, 949 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 248 (2020).

The rigor at which to test the showing of workers being "similarly situated" varies depending on the stage of litigation. At the first step of the certification process, the analysis is "typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Campbell*, 903 F.3d at 1109. The requisite level of consideration at the first step is a "lenient" one that is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* Given the lenient standard being applied, courts will usually grant motions for conditional certification. *E.g.*, *Greene v. Omni Limousine, Inc.*, No. 2:18-cv-01760-GMN-VCF, 2019 WL 2503950, at *2 (D. Nev. June 15, 2019) (quoting *Misra v. Decision One Mortg. Co.*, 673 F. Supp. 2d 987, 992-93 (C.D. Cal. 2008)).

**IV.    ANALYSIS**

The parties here dispute whether the record suffices to show that Plaintiff is similarly situated to potential members of the collective for the purpose of conditional certification. Plaintiff argues that the standard has been met here based on the allegation in the complaint and supporting declaration that other police officers working overtime at the school district do not receive their overtime compensation during the proper pay period. *See* Docket No. 37 at 6. Defendant responds that the allegations and declaration are insufficient to show a common plan, policy, or practice. *See* Docket No. 40 at 5-6. Plaintiff has the better argument.

At this stage of the proceedings, the Court applies a lenient standard requiring a plausible allegation of a common policy or practice affecting potential members of the collective. The complaint alleges that Plaintiff's overtime pay was not tendered in a timely fashion and, further, that other officers were subjected to the same practice. Docket No. 1 at ¶ 9. That allegation is buttressed by a declaration attesting to discussions with school district management regarding officers not receiving overtime payment on their regular paydays, Docket No. 37-1 at ¶ 3, to discussions with several officers reporting the same, *id.* at ¶ 5, and to a notice from the school district asking officers on at least one occasion to delay submission of their overtime paperwork, *id.* at ¶ 9. These assertions of shared experiences by Plaintiff and potential members of the collective suffice at this early stage to provide the "similarly situated" showing needed for conditional certification. As such, the collective action will be certified for purposes of notifying potential members of the collective of the pendency of the suit.

Defendant also resists conditional certification by raising tangential arguments, none of which is persuasive. First, Defendant argues that conditional certification is improper because "there are no claims before the Court on behalf of the putative collective." Docket No. 40 at 4. More particularly, Defendant argues that Plaintiff "has, at best, only pled an individual claim on his behalf." *Id.* at 3.[5] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide sufficient detail to give fair notice of the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A collective action is "brought by an employee or employees for and in behalf of himself and themselves and other employees similarly situated." *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971). In this case, Plaintiff captioned the complaint as including claims brought "individually and on behalf of all similarly situated employees." Docket No. 1 at 1. The complaint also includes a paragraph that other officers were not paid properly such that "Plaintiff intends to pursue this as a collective action on behalf of all similarly situated Police Officers," *id.* at ¶ 9. Defendant has not cited any legal authority concluding that a collective action claim had

---

[5] Defendant's position has mutated through the briefing process. Defendant argued previously that "**[t]his Collective Action Should be Dismissed**." Docket No. 18 at 3 (emphasis in original); *see also id.* ("*this collective action* has not commenced") (emphasis added). In a complete reversal, Defendant now argues that this is not a collective action at all.

not been pled in similar circumstances and, if anything, the cases cited by Defendant demonstrate the opposite. *See* Docket No. 40 at 4.[6] The Court rejects Defendant's argument that conditional certification should be denied based on a failure to plead a collective action.

Second, Defendant argues that the motion should be denied because Plaintiff has not made a showing that other officers are interested in opting in if conditional certification is granted. *See* Docket No. 40 at 6-7 (citing *Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).[7] At the same time, Defendant candidly acknowledges that this showing is "not required in the Ninth Circuit." Docket No. 40 at 6. A perusal of the caselaw reveals ample authority within the Ninth Circuit—and within this District in particular—that squarely rejects the proposition advanced by Defendant. *E.g.*, *Guy*, 2014 WL 1899006, at *4-5; *Kiser v. Pride Comms., Inc.*, No. 2:11-cv-00165-JCM-LRL, 2011 WL 3841021, at *2 (D. Nev. Aug. 29, 2011); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL, 2009 WL 102735, at *12 (D. Nev. Jan. 12, 2009). The Court agrees with these cases and similarly declines to require an affirmative showing of interest as a prerequisite for conditional certification.

In short, the Court finds that Plaintiff has sufficiently established grounds to conditionally certify the collective action and, further, that Defendant's ancillary arguments are not persuasive. The Court will grant the motion for conditional certification.

---

[6] Defendant's argument here is that conditional certification is improper because the complaint brings a claim only in Plaintiff's individual capacity. In *Smith v. Central Security Bureau, Inc.*, the Court found that the plaintiff had brought suit both in his individual capacity and as a collective. 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) ("Here, Smith instituted the action 'individually and on behalf of others.' The plain language of the aforementioned language is open only to one interpretation, namely, that Smith was attempting to proceed in a dual capacity"). The other cases cited conclude that the case had been brought as a collective action. *Gessele v. Jack In The Box, Inc.*, 6 F. Supp. 3d 1141, 1158-60 (D. Ore. 2014) (holding that the plaintiffs brought claims as a collective action); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 (D. Nev. 1999) (same). The Court has been presented with no legal authority concluding that allegations like those at issue in this case are insufficient for a complaint to be construed as a collective action.

[7] Plaintiff does not meaningfully respond to this argument. As this is a threshold legal issue, however, the Court will resolve it. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (courts have a duty to apply the correct legal standards).

# V. SUBSIDIARY MATTERS

Having determined that the motion for conditional certification will be granted, the Court turns to the subsidiary matters addressed in the briefing. In direct contravention of two Court orders, Docket No. 36 at 2 n.3; Docket No. 33 at 3 n.4, the instant motion practice incorporates by reference arguments made elsewhere, *see, e.g.*, Docket No. 43 at 6.[8] In an effort to move this case along, the Court has nonetheless endeavored to address some of the main issues in dispute.

## A. Notice Period

The parties dispute the notice period that should be provided. *See, e.g.*, Docket No. 40 at 11-12. A 90-day period is routinely allowed. *E.g.*, *Gonzalez v. Diamond Resorts Int'l Mrktg., Inc.*, No. 2:18-cv-00979-APG-CWH, 2019 WL 3430770, at *5 (D. Nev. July 29, 2019). The Court is not persuaded to chart a different course here.

## B. Description of Claim

The parties dispute the language in the notice indicating that the suit is for recovery of "unpaid wages." *See* Docket No. 40 at 9. Notwithstanding Plaintiff's contention to the contrary, *see, e.g.*, Docket No. 21 at 10, the Court agrees with Defendant that such language is confusing given that suit was brought based on late-paid wages rather than unpaid wages. Such language must be amended.

---

[8] "The district court has considerable latitude in managing the parties' motion practice." *Christian v. Mattel, Inc.*, 286 F. 3d 1118, 1129 (9th Cir. 2002). In exercising this broad discretion, courts may prohibit parties from filing future briefs that incorporate arguments made elsewhere. *See Ramirez v. Guinn*, No. 3:02-cv-00469-HDM (VPC), 2004 WL 7338806, at *1 n.1 (D. Nev. May 26, 2004) ("Defendants' counsel is admonished that in the future, the practice of attaching an earlier-filed memorandum, without more, will be treated as a failure to file an opposition . . . and will constitute a consent to the granting of the motion"); *see also Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, No. CV-13-0396-JLQ, 2015 WL 2250456, at *1 (E.D. Wash. May 13, 2015) ("A party wishing to present a motion to the court needs to present the argument in a brief, clear, and concise fashion—not direct the court to search through . . . previously filed briefs to find an argument"); *Langella v. Cercone*, No. 09-cv-312E, 2010 WL 2402940, at *6 n.1 (W.D. Pa. June 10, 2010) ("[I]f a party wants to utilize a specific legal argument already advanced to this Court . . . the party shall take the time to fully transcribe said argument into his or her document"). This exercise of discretion is aimed at, *inter alia*, preventing a confusing presentation of arguments and guarding against the circumvention of page limitations. Plaintiff's counsel is admonished for violating the orders previously issued in this case that specifically prohibit incorporation of arguments by reference in the renewed motion practice now before the Court. Plaintiff's counsel is expected to strictly comply with all orders moving forward.

### C. Contact Information for Defense Counsel

The parties dispute whether the notice must include contact information for defense counsel. *See* Docket No. 40 at 8-9. Defendant has cited no legal authority that a collective action notice should include contact information for defense counsel.[9] The Court will not require such information in the notice in this case.

### D. Description of Attorney's Fees

The parties dispute the language in the notice regarding the potential award of attorney's fees. *See* Docket No. 40 at 9. The notice should generally include the percentage fee the plaintiff agreed to pay counsel and how that fee will be calculated. *Dualan v. Jacob Transp. Servs., LLC*, 172 F. Supp. 3d 1138, 1151 (D. Nev. 2016). The notice should generally also explain that the request for fees will ultimately be decided by the Court. *See Flores v. Velocity Express, Inc.*, No. 12-cv-05790-JST, 2013 WL 2468362, at *10 (N.D. Cal. June 7, 2013); *see also Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:09-00878-PMP-GWF, 2009 WL 10693400, at *10 (D. Nev. Sept. 1, 2009). The Court agrees with Defendant that the indication in the notice that counsel "will receive" 40% of the total gross is confusing. As such, the notice must be amended to reflect that counsel will be compensated by "as much as" 40% and that the Court must approve the amount of any fees awarded.

### E. Provision of Contact Information of Potential Opt-Ins

Defendant does not oppose Plaintiff's motion requiring disclosure of the contact information for potential opt-in plaintiffs. *See* Docket No. 40 at 11. The parties agree, however, that such contact information should be subject to a protective order. *See, e.g.*, Docket No. 43 at 7. Accordingly, the Court will grant the motion for disclosure and the parties must file a stipulated protective order by May 27, 2021. Defendant must then provide the contact information within 14 days of the issuance of the protective order.

---

[9] The only legal authority relied upon by Defendant holds that a preventive order was not appropriate with respect to pre-opt-in communication from the employer. *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002). That case does not indicate that the collective action notice should include contact information for defense counsel.

### F. Statute of Limitations

The parties dispute how the statute of limitations applies in this case and whether it has been equitably tolled for future opt-in plaintiffs. *See, e.g.*, Docket No. 40 at 7-8. This Court and numerous others have determined that deciding such issues for hypothetical future opt-in plaintiffs would constitute an advisory opinion and that such issue is better resolved at a later time if any actual opt-in plaintiffs seek such relief. *See Ingersoll v. Royal & Sunalliance USA*, No. CV05-1774L, 2006 WL 859265, at *3 (W.D. Wash. Feb. 10, 2006) (upon granting motion for conditional certification, finding arguments as to equitable tolling premature); *see also Reese*, 2020 U.S. Dist. Lexis 201674, at *2 (collecting cases). The motion practice does not provide argument on this issue.[10] Accordingly, the Court declines to resolve statute of limitations issues at this juncture.

### G. Appointment of Interim Counsel

Plaintiff seeks to name Adam Levine and Daniel Marks as interim counsel for the collective action. *See* Docket No. 37 at 10-12. Defendant does not respond to this request.

In seeking this relief, Plaintiff relies on a pre-*Campbell* case applying in a collective action the procedures and standards applicable to class actions. *See Flores*, 2013 WL 2468362, at *10 (applying Fed. R. Civ. P. 23(g)(3) to a collective action). Plaintiff does not acknowledge the contrary authority declining to appoint interim counsel as unnecessary in the collective action context, even where such relief is unopposed by the employer. *Knight v. Concentrix Corp.*, No. 4:18-cv-07101-KAW, 2019 WL 3503052, at *8 (N.D. Cal. Aug. 1, 2019); *see also Reese v. NPSG Global, LLC*, No. 2:19-cv-00209-JCM-NJK, 2020 WL 4353172, at *3 (D. Nev. July 29, 2020) ("appointment as interim class counsel does not appear to be a requirement for either collective certification or approval of opt-in notices").

The Court again turns to the Ninth Circuit's emphasis that there are important distinctions between class actions and collective actions, *Campbell*, 903 F.3d at 1105, and that assumptions that class actions and collective actions must be handled in procedurally parallel manners are

---

[10] Nor is it clear from the motion practice why the notice to potential opt-ins must include a specific date for statute of limitations purposes, rather than being silent on the issue and being sent out broadly to all opt-ins with potentially timely claims subject to a determination later (if necessary) as to whether the statute of limitations was tolled.

"unfounded," *id.* at 1101. The motion practice here does not address whether the legal authority relied upon by Plaintiff to justify this request survives in a post-*Campbell* world. Nor has the motion practice analyzed more particularly whether there are distinctions between class actions and collective actions that bear on whether the class action procedures for appointment of interim counsel should be incorporated into the collective action context.[11] Having been provided by Plaintiff with no meaningful discussion as to why the relief requested is necessary in light of these issues, the Court declines to resolve the matter here. *Cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017) (the movant bears a basic burden of providing a basis for relief).

Accordingly, the Court will deny the motion for appointment of interim counsel without prejudice.

## VI.  CONCLUSION

For the reasons discussed more fully above, the motion for conditional certification (Docket No. 37) and the motion for contact information (Docket No. 38) are hereby **GRANTED**, but the motion for appointment as interim counsel (Docket No. 39) is **DENIED** without prejudice. Counsel must meet-and-confer regarding the proposed notice in light of the rulings made herein and must jointly file an amended proposed notice by May 27, 2021.

IT IS SO ORDERED.

Dated: May 13, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[11] There could be distinctions of significance on this issue. The purpose of the requirement for appointment of counsel in the class action context "is to protect the interests of <u>absent</u> class members, who will be bound by the results of the action under *res judicata*." *Kulig v. Midland Funding, LLC*, No. 13 Civ. 4715 (PKC), 2014 WL 5017817, at *7 (S.D.N.Y. Sept. 26, 2014) (underlining added); *see also Goers v. L.A. Entmt. Grp., Inc.*, No. 2:15-cv-00412-FtM-99CM, 2017 WL 78634, at *6 (M.D. Fla. Jan. 9, 2017) ("the true victims of the potential failure [by counsel to properly attend to the case] are the absent class members"). In a collective action, however, any opt-in plaintiffs will have made the affirmative choice to join the case <u>with the representation of current counsel</u>. *See Knight*, 2019 WL 3503052, at *8; *see also* Docket No. 37-2 at 4 (proposed notice in this case indicating that opt-ins will be represented by attorneys Daniel Marks and Adam Levine). At any rate, the Court ultimately declines to resolve the issue because the motion is not properly supported with meaningful discussion.

11