UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LESCINSKY,<br>    Plaintiff(s),<br>v.<br>CLARK COUNTY SCHOOL DISTRICT,<br>    Defendant(s). | Case No.: 2:20-cv-00290-RFB-NJK<br>**Order**<br>[Docket Nos. 56-58] |

Plaintiffs' counsel has filed three opt-in authorizations under seal. Docket Nos. 56-58.

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

It would appear that these opt-in authorizations were filed under seal because they include the personal addresses of the opt-in plaintiffs. *See* Docket No. 56-58. A desire to obscure a home address, however, is grounds to redact that information and is not generally grounds to seal an entire filing. *See* Local Rule IC 6-1(a).

No later than July 16, 2021, Plaintiff's counsel must either (1) file redacted copies of the opt-in authorizations identified herein on the public docket or (2) explain in writing why sealing these documents (as opposed to partially redacting them) is appropriate.

IT IS SO ORDERED.

Dated: July 9, 2021

_____
Nancy J. Koppe
United States Magistrate Judge