LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
office@danielmarks.net
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@daneilmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LESCINSKY, individually and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, A political subdivision,<br><br>Defendant. | Case No.:   2:20-cv-00290-RFB-NJK |

### RENEWED MOTION TO APPROVE SETTLEMENT

COMES NOW Plaintiff JAMES LESCINSKY individually and on behalf of those similarly situated employees by and through undersigned counsel, Daniel Marks, Esq. and Adam Levine, Esq. of the Law Office of Daniel Marks, and hereby moves this Court to Approve a Settlement with the Clark County School District for those officers who opted into this collective action pursuant to 29 U.S.C. § 216(b). A true and correct copy of the proposed Settlement Agreement is attached hereto as **Exhibit 1**.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND AND PROCEDURAL HISTORY

Undersigned counsel, Adam Levine, Esq., is the General Counsel for the Police Officers Association of the Clark County School District ("POA"), which is the exclusive recognized collective bargaining representative for the police officers, detectives and sergeants employed by the Clark County School District Police Department. In late December 2019 and/or early January 2020 undersigned counsel began receiving complaints from members of the bargaining unit that overtime hours they had worked for the Clark County School District (hereafter "CCSD") Adult Education program was not showing up on the next regular paycheck, and sometimes not for several paychecks later.

After being sent a partial list of officers who worked Adult Education, undersigned counsel noticed the name of James Lescinsky as one of the officers. Lescinsky was known to POA Counsel as a police officer who is unafraid of potential retaliation by CCSD, and therefore Lescinsky was approached about being that the lead Plaintiff for an "Opt-In" action pursuant to section 216(b) of the Fair Labor Standards Act, 29 U.S.C § 216(b). Lescinsky agreed.

Based upon available information, the undersigned counsel suspected that the failure to pay overtime compensation on the next regular paycheck might extend beyond Adult Education. Accordingly, when undersigned counsel drafted the Complaint in this case the allegations of failure to pay timely overtime were not limited to Adult Education, but also alleged the failure to timely pay in connection with other school functions such as athletic events and nonacademic functions. (ECF No.1).

A collective action was approved by the Court, after many attempts, in its Order filed May 13, 2021 (ECF No. 45). The Court set a 90-day deadline for officers to "Opt-In." While several police officers executed Authorizations to Opt-In, a number of Plaintiffs thereafter change their mind, did not wish to participate in discovery, and were ultimately dismissed by stipulation. This left the remaining

Opt-In Plaintiffs:

    Clifton Alapa
    Kevin Beck
    Paul E. Carapucci, Jr.
    Aaron Case
    Richard Conklin
    Anthony Cooke
    Alfredo Cruz
    John Evans
    Nicholas D. Fetcho
    Christopher Fronczek
    Daniel Hinojosa
    Christopher Hoesin
    Ching Johnson
    Christopher D. Law
    James Lescinsky
    Jason Martin
    Connor Riley
    Wolfgang Selinger
    Steven Ufford
    Michael Vaz

After speaking with the officers comprising the Opt-In Plaintiffs, undersigned counsel could only identify a few Opt-In Plaintiffs who claimed they did not receive their overtime compensation in their next regular paychecks for working athletic events and other nonacademic functions; the problem seemed primarily with the Adult Education overtime. Further investigation revealed that the tracking of overtime for athletic and other nonacademic functions occurred through personnel at CCSD Police Services Headquarters. However, for Adult Education, the officer working overtime would turn in a yellow form to the administrator at the facility where Adult Education was being held and at times it appears such forms were not forwarded to CCSD payroll in a timely fashion.

While CCSD denies liability, the approximately 3500 pages of documents it produced in discovery suggest that *if* liability were imposed at 100 cents on the dollar for late payments to the Opt-

In Plaintiffs going back two (2) years, CCSD's *worst* case scenario for liability would only be approximately $16,000 without the inclusion of attorney fees and costs.[1]

On December 20, 2021 Lescinsky and the Opt-In Plaintiffs reached a tentative settlement with CCSD for a total sum of $25,000, inclusive of attorney's fees and costs with the amount to be split amongst the Plaintiffs and counsel. The parties submitted a Stipulation to Stay this matter pending Court approval of the settlement. (ECF No. 96). On February 8, 2022 Lescinsky filed the Motion to Approve Settlement. (ECF No. 97). On February 18, 2022, CCSD filed its Response to the Motion To Approve Settlement. (ECF No. 98). While not agreeing with some of the Plaintiff's conclusions as to what the evidence established, CCSD's Response supported the Settlement.

On September 13, 2022, this court held a hearing on the Motion for Good Faith Settlement. The court denied the Motion without prejudice requesting that the Motion be resubmitted with additional information. (ECF No. 101).

## II. THE COURT SHOULD APPROVE THE SETTLEMENT.

### A. Standards For Approval of Settlements

As noted in CCSD's Response in support of the Settlement (ECF No.98) the law strongly favors settlements, particularly where complex class action litigation is concerned. See *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). While there is no Ninth Circuit published decisions setting forth the criteria for the court to evaluate a proposed settlement by, there are numerous unpublished decisions adopting the 11th circuit's decision in *Lynn's Food Stores, Inc.*, supra. The guidance provided in *Lynn's Food* has been further utilized by a number of District Courts. See, e.g. *Gamble v. Boyd Gaming Corp.*,

---

[1] This amount does not take into consideration any affirmative defenses that CCSD may have relating to what appears to be delayed payments.

4

No. 2:13-cv-01009-JCM-PAL, at *6 (D. Nev. Feb. 23, 2017); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012); *Trinh v. JPMorgan Chase & Co.*, No. 07-cv-01666, 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-cv-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009); *Hand v. Dionex Corp.*, No. 06-cv-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007). As noted in *Lynn's Food,*, the district court should scrutinize "the settlement for fairness" 679 F.2d at 1352, citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L. Ed. 1114 and *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947).

Importantly, "[t]he standard for approval of the FLSA settlement is lower than for a Rule 23 settlement because a FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *Gamble v. Boyd Gaming Corp.*, 2017 WL 721244 (D. Nev. 2017) at *9) citing to *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999). All that is necessary is that the court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354. However, in doing so, the majority of factors enumerated in the Federal Rule of Civil Procedure 23 are instructive. *See Zako v. Hamilon Co.*, No. 2:16-cv-166, 2020 U.S. Dist. LEXIS 12480, 2020 WL 406376 (D. Nev. Jan. 24, 2020). Rule 23's factors include:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983).

///

///

### B.     The Settlement Is Fundamentally Fair.

Under the fundamental fairness standard, the settlement should be approved. This is because with the exception of Opt-In Plaintiff Jason Martin, all of the other Opt-In Plaintiffs informed counsel that they did receive all of their overtime; it was simply late.[2] This means that the litigation is over liquidated damages only for untimeliness. As asserted by CCSD during the discovery phase, nothing within the FLSA requires that the liquidated damages be 100% of the amount of overtime paid; the court may award only a portion. This creates considerable uncertainty as to the amount of damages which might ultimately be awarded.

Balanced against this uncertainty is the enormous amount of work and expense which will be necessary to try this case. As pointed out in CCSD's Response To Motion To Approve Settlement, filed February 18, 2022 (ECF No.98), there are over 3500 pages of payroll related documents produced in this case. CCSD denies liability and the records produced demonstrate that Opt In Plaintiffs were paid for overtime submitted. However, the issue of certain payments being delayed and the length of the delay is harder to establish based on available records and would require a tremendous amount of time and effort. Thus, the likely expense and duration of further litigation favors settlement as "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* 221 F.R.D. 523 (C.D. Cal 2004); see also *Oppenlander v. Standard Oil Co. (Indiana)*, 64 F.R.D. 597 (D. Colo. 1974) ("It has been held proper to take the bird in hand instead of a prospective flock in the bush.").

---

[2] Notwithstanding Jason Martin's concern that he may not have been paid all of his overtime, he is in support of the settlement as he realizes that the time and accounting expenses in attempting to identify on what pay periods he did not receive his overtime at all will vastly exceed the amount of money at issue. Moreover, as the Treasurer of the Police Officers Association, Martin's primary concern is being that the other Plaintiffs receive some money.

There are also statute of limitations concerns that affect the potential amount of any award and add to the complexity and uncertainty of the case. In CCSD's previously filed Response In Opposition To Preliminary Certification, CCSD asserted that the statute of limitations is based upon the date the consents to opt in are filed as opposed to when the Complaint is filed. (ECF No. 40 at pages 7-8). The court did not grant preliminary certification until May 13, 2021 (ECF No. 45). Many of the Opt-In Authorizations were not filed until July 2021.

Even if the statute of limitations is based upon Lescinsky's Complaint filed on February 11, 2020, under the two (2) year statute of limitations, liquidated damages under the Fair Labor Standards Act would go back to February of 2018 which is the second half of the 2017- 2018 school year. The 2019- 2000 school year, which would be the beginning point if the statute of limitations is based upon the filing date of the Authorizations as argued by CCSD, did not have nearly as much late payments as a new payroll system debuted in January of 2020, and COVID 19 shut CCSD down on March 16, 2020.[3]

Furthermore, the complexity, expense, and length of continued litigation support the settlement. Had this case not settled, the case would have been tried to a jury. A jury trial would have been lengthy and very costly. The likely expense and duration of further litigation also favors settlement. *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1206 (C.D. Cal. 2014). Approval of settlement is "preferable to lengthy and expensive litigation with uncertain results." *Rivera v. Agreserves, Inc*, No. 1:15-CV-00613 JLT, 2016 WL 5395900, at *6 (E.D. Cal. Sept. 26, 2016) (citing *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Notably, even had the Plaintiffs prevailed on all issues, CCSD would have likely appealed, thus a timely resolution now is in everyone's best interest.

---

[3] Opt-In Plaintiff Clifton Alapa retired in 2017 and therefore would not have worked within the statute of limitations period unless the statute of limitations is extended to three years by a showing of willfulness.

      Moreover, the amount offered in settlement favors settlement. As explained above, documents produced during discovery suggest that if liability were imposed at 100 cents on the dollar for late payments to the Opt-In Plaintiffs for two (2) years, CCSD's *worst* case scenario for liability would be approximately $16,000 without the inclusion of attorneys' fees and costs. Here, after accounting for the attorneys' fees and costs requested by undersigned counsel, Opt-In Plaintiffs will settle all claims for $15,000 – or approximately 93.75% of the value of their wages that were already paid. This recovery reflects a significant victory for Opt-In Plaintiffs.

      Additionally, the extent of discovery completed and stage of the preceding favor settlement. As the Court knows, discovery in class and collective actions can be monumental. The time and expense exerted on class and collective action discovery often pose challenges to settlement as those costs have to be accounted for. Here, CCSD took the deposition of Lescinsky and propounded over 60 sets of written discovery. Additionally, both parties produced witnesses and collectively approximately 4,000 pages of documents. While many sets of written discovery went unanswered for various reasons, still, the parties had more than adequate information available to them to effectively evaluate and settle this case. Should settlement not be approved, the cost of proceeding with discovery would quickly overcome any judgment Plaintiffs could possibly obtain at trial.

      Likewise, the fact that CCSD is a governmental participant weighs in favor of approval of the settlement. *See Moreno v. S.F. Bay Area Rapid Transit Dist.*, No. 3:17-cv-02911-JSC, 2019 U.S. Dist. LEXIS 1330, 2019 WL 343472, at *5 (N.D. Cal. Jan. 28, 2019). ("BART is a governmental agency, and as such, its participation and consent to the injunctive relief weighs in favor of approving the settlement."); *Garcia v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:09-cv-8943-MMM-SHX, 2015 U.S. Dist. LEXIS 192443, 2015 WL 13646906, at *11 (C.D. Cal. Sept. 14, 2015) (concluding that because defendant county office of education was a government participant, consideration of this factor weighed in favor of settlement); *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F.

Supp. 2d 1021, 1031 (N.D. Cal. 1999) (concluding that the fact that "[t]he State and Local Defendants are all governmental participants" weighs in favor of granting approval).

All things considered, the settlement is fundamentally fair, was reached after several arm's length negotiations and the Opt-In Plaintiffs are satisfied that settlement is in their best interest. Accordingly, Plaintiffs respectfully request that the Motion be granted.

### C.  Settlement Terms.

As referenced above, the parties have agreed to a total settlement of $25,000 inclusive of attorney fees and costs. The Law Office of Daniel Marks took Lescinsky's case on a 40% contingency fee. The approved "Notice Of Your Right To Join Lawsuit" filed by the court on June 1, 2021 informed prospective Plaintiffs that "Plaintiffs' Counsel may be compensated by as much as 40% from the total gross judgment, verdict, settlement, or award." (ECF No. 48). The Law Office of Daniel Marks actually has $38,756.25 in time invested in the case, and has advanced costs of $822.60. (Exhibit "1" to ECF No. 97). However, the Law Office of Daniel Marks is willing to accept $10,000 (which is 40% of the gross total) so that the remaining Opt-In Plaintiffs would split the remaining $15,000 based upon the formula below.

Of the Opt-In Plaintiffs, Richard Conklin, Sonia Farrell, Christopher Hosein, and Wolfgang Selinger did not work regularly scheduled Adult Education. It could not be established that Kevin Beck ever worked Adult Education, or was ever paid late, as he did not respond to the Requests for Admissions served upon him and therefore under the operation of F.R.C.P. 36 admitted that he was not paid late.

Accordingly, it is proposed that the $15,000 in settlement proceeds be divided amongst certain Opt-In Plaintiffs in the amount of $550 for each full year worked in Adult Education for the 2017-18 and 2018-19 school years. This breaks down as follows:

///

| | | |
|---|---|---|
| 1 | Paul E. Carapucci, Jr. | $1,100 |
| 2 | Aaron Case | $ 550 |
| 3 | Anthony Cooke | $1,100 |
| 4 | Alfredo Cruz | $ 550 |
| 5 | John Evans | $1,100 |
| 6 | Nicholas D. Fetcho | $1,100 |
| 7 | Christopher Fronczek | $ 550 |
| 8 | Daniel Hinojosa | $1,100 |
| 9 | Ching Johnson | $1,100 |
| 10 | Christopher D. Law | $1,100 |
| 11 | Jason Martin | $1,100 |
| 12 | Connor Riley | $ 550 |
| 13 | Steven Ufford | $ 550 |
| 14 | Michael Vaz | $1,100 |

Plaintiff James Lescinsky will receive $1,500 with the additional $400 to compensate him for the time he put in volunteering to be the lead Plaintiff, including having his deposition taken. This leaves $850 to be split amongst Chris Hosein, Sonia Farrell, Wolfgang Seilinger and Richard Conklin in the amount of $212.50 each to compensate them for occasions when, even though they did not regularly work Adult Education, they may have occasionally received late payments of overtime filling in for other Adult Education working officers, or working on other CCSD events.

**D.   Final Certification Warranted.**

Finally, this court has adopted the view that, "[e]ven when the parties settle, the court must make some final class certification finding before approving a collective action settlement." *Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009-JCM-PAL, 2015 WL 4874276, at *3 (D. Nev. Aug. 13,

2015) (quoting, *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010)).  Here, the notice of collective action was sent to following individuals:

> **All current and former police officers who were employed in Clark County, Nevada by the Clark County School District beginning February 11, 2017 that were required to work overtime for Defendant.**

*See,* ECF No. 46.  Accordingly, as part of the Court's order approving the settlement, final certification of this class, is warranted.

## III. CONCLUSION

 For all of the reasons set forth above, the Renewed Motion To Approve Settlement should be granted and final certification of the class ordered.

Counsel for Opt-In Plaintiffs has been advised that CCSD does not oppose the current Motion.

DATED this 12th day of October, 2022.

                              LAW OFFICE OF DANIEL MARKS

                              /s/Adam Levine, Esq.
                              DANIEL MARKS, ESQ.
                              Nevada State Bar No. 002003
                              office@danielmarks.net
                              ADAM LEVINE, ESQ.
                              Nevada State Bar No. 004673
                              alevine@danielmarks.net
                              610 South Ninth Street
                              Las Vegas, Nevada 89101
                              (702) 386-0536: FAX (702) 386-6812
                              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I hereby certify that I am an employee of the Law Office of Daniel Marks and that on the 12th day of October 2022, pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document RENEWED MOTION TO APPROVE SETTLEMENT AND FOR FINAL CERTIFICATION OF COLLECTIVE ACTION, was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Mark E. Ferrario, Esq.
Kara B. Hendricks, Esq.
Alayne M. Opie, Esq.
GREENBERG TRAURIG
*Attorneys for Defendant*
E-mail:  ferrariom@gtlaw.com
         hendricksk@gtlaw.com
         opiea@gtlaw.com

/s/Joi E. Harper
An employee of the
LAW OFFICE OF DANIEL MARKS